### EX PARTE E. STUBBLEFIELD.

1. COUNTY CONVICTS.—The act of August 21, 1876, "to provide for the employment and hiring of county convicts," etc., does not repeal Articles 694 and 848 of the Code of Criminal Procedure, providing for the discharge of pauper convicts. Pasc. Dig., Arts. 3159, 3312.

2. SAME.—If a county has provided no work-house for the employment of misdemeanor convicts, and cannot utilize the labor of such a convict by any of the means contemplated in the act of August 21, 1876, the convict will, on compliance with the provisions of Articles 694 and 848 of the Code of Criminal Procedure, be entitled to release from custody, without payment of the fine and costs adjudged against him.

*Habeas corpus* sued out to the Court of Appeals.

*D. G. Smith*, for the relator.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. Ed Stubblefield, the petitioner, as appears from the evidence before this court, was convicted of two misdemeanors in the justice's court of precinct No. 1, Williamson county, Texas, on the 15th day of January, 1877, and was fined in one case $25, and in the other $6. The costs in the two cases, as shown by the warrants of commitment, amount to $35.80, and the aggregate amount of fine and costs in the two cases is $66.80.

In default of payment of said fine and costs, warrants of commitment were issued out of said justice's court on the 15th day of January, 1877, by virtue of which S. M. Strayhorn, sheriff of Williamson county, Texas, took said Stubblefield into custody and confined him in the county jail of Williamson county, and has kept him constantly confined in jail up to this time. Said sheriff has refused, and still refuses, to release petitioner, claiming that he is not entitled to be released until said fines and costs are paid, either in money or by labor.

Stubblefield, as shown by the evidence, is unable to pay these fines and costs, and it is also shown that the county commissioners' court of Williamson county have made no provisions by which persons convicted of misdemeanors can work out their fines and costs, Ed Stubblefield having demanded an opportunity to discharge the fines and costs against him by labor, and no such opportunity having been tendered; and it being further shown that the county judge of Williamson county has been unable to hire petitioner out, so as to enable him to discharge the fine and costs adjudged against him, we believe that he, the said Ed Stubblefield, is entitled to be discharged and released, as provided in Articles 3159 and 3312 of Paschal's Digest.

The act of 1876, entitled "An act to provide for the employment and hiring of county convicts, and prescribing the duties and fees of officers charged therewith," certainly does not repeal the Articles 3159 and 3312 above referred to, part of the act of February 15, 1858.

It does not provide a new system or regulation, complete within itself.   The two acts are not inconsistent with each other.   The last act does not expressly or by implication repeal the other.   If so, it might often happen that a party would be confined in jail, in default of payment of a fine for a misdemeanor, who is either unable to work, or who cannot be hired out, and who is unable to pay the fine.   The legislature certainly never intended to pass a law that would compel them to lie in jail *ad infinitum.*

We think that when the commissioners' court in any county in the state has provided a work-house or any farm to utilize the labor of county convicts, any person or persons convicted of a misdemeanor or petty offense in any of the courts of this state, and who shall be committed to jail in default of the payment of the fine and cost adjudged against him or them, shall be required to discharge such fine and cost by manual labor in any manual labor work-house, or on any farm attached thereto, or on any road, bridge, or other public work, in the county where the conviction and commitment were had, and the county convict could be hired out to any individual company or corporation, giving the convict credit for the amount of his labor or hire, to be entered and credited in discharge of the fine and cost against him.

In the absence of such work-houses and county-farms, etc., as are contemplated by the said act of 1876, and the failure to hire the said Stubblefield out to private or other individuals, he having been already confined in jail under said commitments a sufficient length of time to entitle him to his discharge under said Articles 3159 and 3312, Paschal's Digest, a judgment will, therefore, be entered accordingly for the release of petitioner, the said Edward Stubblefield.

*Ordered accordingly.*